HARVEY L. KRAMER
Fleishman & Shapiro, P.C.
1600 Broadway, #2600
Denver, CO 80202
Telephone: (303)861-1000 Fax: (303)894-0857

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 21 2007

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

EDWARD POCHE AND CYNTHIA POCHE, )
)
Plaintiffs, )
)
vs. )  Civ. No. 07-CV-213-B
)
RAOUL JOUBRAN, M.D., )
MARY E. MACGUIRE, M.D., )
MARY E. MACGUIRE, M.D., P.C., )
JAMES A. ANDERSON, M.D., )
GASTEROENTEROLOGY ASSOCIATES, P.C., )
WYOMING SURGICAL ASSOCIATES, P.C., )
)
Defendants. )
)

## COMPLAINT

Plaintiffs, by and through their attorneys, Fleishman & Shapiro, P.C., for their Complaint against Defendants, hereby demand a jury trial, and state, aver and allege as follows:

### GENERAL ALLEGATIONS

1. Plaintiffs, Edward and Cynthia Poche, are residents of Byron, Georgia.

2. Upon information and belief, Defendants Raoul Joubran, M.D., Mary E. MacGuire,

M.D., and James A. Anderson, M.D. are licensed to practice medicine in Wyoming and are residents of Casper, Wyoming.

3. Upon information and belief, at all times relevant hereto Gastroenterology Associates, P.C. is a corporation authorized to do business in Wyoming, and maintains its principal office at 1441 Wilkins Circle, Casper, WY 82601.

4. Upon information and belief, at all times relevant hereto, Defendant Raoul Joubran, M.D. (herein after Defendant Joubran) was either a principal or employee of Defendant Gastroenterology Associates, P.C., and was acting within the scope of his employment for the same.

5. Any of the acts or omissions of Defendant Joubran, as more fully described in this Complaint, were performed or omitted by him within the scope and course of his employment with Defendant Gastroenterology Associates, Inc. and all such acts and omissions are imputable, at law, to Defendant Gastroenterology Associates, Inc.

6. Upon information and belief, at all times relevant hereto Defendant Mary E. MacGuire, M.D., P.C. is a professional corporation authorized to do business in Wyoming, and maintains its principal office at 1450 E. A St. #3, Casper, Wyoming 82601.

7. Upon information and belief, at all times relevant hereto, Defendant Mary E. MacGuire, M.D. (herein after Defendant MacGuire) was either a principal or employee of Defendant Mary E. MacGuire, M.D., P.C., and was acting within the scope of her employment for the same.

8. Any of the acts or omissions of Defendant MacGuire, as more fully described in this Complaint, were performed or omitted by her within the scope and course of her employment with

Defendant Mary E. MacGuire, M.D., P.C. and all such acts and omissions are imputable, at law, to Defendant Mary E. MacGuire, M.D., P.C.

9. Upon information and belief, at all times relevant hereto Defendant Wyoming Surgical Associates, P.C. is a professional corporation authorized to do business in Wyoming, and maintains its principal office at 419 S. Washington Street, #102, Casper, WY 82601.

10. Upon information and belief, at all times relevant hereto, Defendant James Anderson, M.D. (herein after Defendant Anderson) was either a principal or employee of Defendant Wyoming Surgical Associates, P.C., and was acting within the scope of his employment for the same.

11. Any of the acts or omissions of Defendant Anderson, as more fully described in this Complaint, were performed or omitted by him within the scope and course of his employment with Defendant Wyoming Surgical Associates, P.C. and all such acts and omissions are imputable, at law, to Defendant Wyoming Surgical Associates, P.C.

12. The amount in controversy in this action, exclusive of interests and costs, exceeds $75,000 (Seventy-five Thousand Dollars).

13. Jurisdiction under this matter is based upon diversity of citizenship under 28 U.S.C. §1332.

## FIRST CLAIM FOR RELIEF

14. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

15. On July 26, 2005, Plaintiff Edward Poche presented to Defendant Joubran, a licensed physician who practices in the area of Gastroenterology, six months post gallbladder removal with

intermittent abdominal pain for three weeks that radiated to his back. The following day, Defendant Joubran performed an upper endoscopy. Following this procedure, Defendant Joubran scheduled Plaintiff Edward Poche for an ERCP and biliary sphincterotomy.

16. On July 29, 2005, Defendant Joubran performed an unnecessary ERCP and biliary sphincterotomy. During the procedures, Defendant Joubran perforated Plaintiff Edward Poche's duodenum. These events spiraled into a course of negligent care and treatment that left Plaintiff Edward Poche critically ill and incapacitated.

17. At all times relevant hereto, the Defendant Joubran owed a duty to Plaintiffs to use the skill and knowledge of a physician in a manner consistent with the special degree of skill, knowledge, care, caution, diligence, and foresight ordinarily possessed by physicians practicing in the field of Gastroenterology.

18. Defendant Joubran breached this duty of care in one or more of the following ways:

    (a) by performing an unnecessary ERCP;

    (b) by performing an unnecessary and contraindicated sphincterotomy;

    (c) by failing to use proper and acceptable techniques and skill when performing the ERCP and sphincterotomy;

    (d) by failing to properly measure Plaintiff Edward Poche's sphincter pressure before performing a sphincterotomy;

    (e) by failing to appropriately evaluate the indications for a sphincterotomy before performing the procedure;

    (f) by failing to inform or monitor Plaintiff Edward Poche regarding follow-up care; and,

      (g)    by other acts of negligence and improper medical care not specifically known at this time.

19.    As a direct and proximate result of Defendant Joubran's negligence, Plaintiff, Edward Poche, suffered injuries, damages and losses, including but not limited to:

      (a)    acute renal failure;

      (b)    intra-abdominal sepsis;

      (c)    duodenal fistula;

      (d)    abdominal and lower torso and perineal cellulitis;

      (e)    widely open abdominal wound several months post-surgery;

      (f)    complete abdominal wall reconstruction;

      (g)    bowel/colon resection;

      (h)    colostomy bag;

      (I)    tissue death resulting in the necessity for tissue expanders to repair his abdominal wall;

      (j)    the need for an abdominal support due to a weak abdominal wall;

      (k)    multiple skin grafts;

      (l)    drains that were placed in the incision site;

      (m)    inability to perform his duties in the military;

      (n)    mesh implant;

      (o)    the need for future surgeries;

      (p)    Category IV enterocutaneous fistula;

(q) malnutrition;

(r) the need for artificial nutrition for approximately one year;

(s) recurrent herniation of the abdominal wall;

(t) permanent disfigurement;

(u) permanent physical impairment;

(v) past, present and future pain and suffering;

(w) past, present and future emotional distress;

(x) permanent impairment of the quality of life;

(y) past, present and future medical, hospital, and prescription expenses; and,

(z) past, present and future wage loss and lost earning capacity.

## SECOND CLAIM FOR RELIEF

20. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

21. On July 30, 2005, one day post ERCP and sphincterotomy, Plaintiff Edward Poche presented to Wyoming Medical Center with severe abdominal pain. A CT scan was performed that showed fluid collection that was consistent with a duodenal rupture.

22. A CT scan was repeated on August 1, 2005 which showed a large amount of retroperitioncal contamination. By this time, Plaintiff Edward Poche's white count was 23,900. Based on these results it was clear, Plaintiff Edward Poche had a duodenal perforation that needed treatment.

23. Plaintiffs Edward and Cynthia Poche gave consent for surgery with the understanding

that Plaintiff Edward Poche would require repair of the duodenum and duodenal diverticularization. Based on this understanding, Plaintiff Edward Poche proceeded to surgery with Defendant MacGuire, a licensed physician who practices in the area of General Surgery.

24. By the time of surgery, Plaintiff Edward Poche's abdomen was full of bile which needed to be drained before duodenal repair could be accomplished. After draining the bile, Defendant MacGuire attempted to locate the tear. Defendant MacGuire noted that Plaintiff Edward Poche's duodenum was very friable and she had difficultly keeping the duodenum intact. Defendant MacGuire tentatively planned to do the duodenal diverticularization discussed with Plaintiff Edward and Cynthia Poche. She discussed this plan with Defendant Anderson over the telephone.

25. Rather than perform the duodenal diverticularization, Defendant MacGuire attempted to locate the perforation by performing a duodenotomy. This procedure involved slicing open Plaintiff Edward Poche's fragile duodenum. The procedure was unnecessary, not indicated, lead to further complications, and was unreasonable under the circumstances.

26. With the duodenum sliced open, Defendant MacGuire located a tiny tear where bile was leaking out. The tear was repaired with one stitch.

27. Defendant MacGuire then proceeded with two additional unnecessary procedures; a pyloric exclusion and a gastrojejunostomy. These procedures were unwarranted and further complicated Plaintiff Edward Poche's course.

28. At all times relevant hereto, Defendant MacGuire owed a duty to Plaintiffs to use the skill and knowledge of a physician in a manner consistent with the special degree of skill,

knowledge, care, caution, diligence, and foresight ordinarily possessed by physicians practicing in the field of General Surgery.

29. Defendant MacGuire breached this duty of care in one or more of the following ways:

    (a) by performing an unnecessary duodenotomy;

    (b) by performing an unnecessary pyloric exclusion;

    (c) by failing to use proper and acceptable techniques and skill when performing an exploratory laparotomy;

    (d) by performing an unnecessary gastrojejunostomy;

    (e) by failing to utilize the appropriate surgical techniques;

    (f) by failing to inform or monitor Plaintiff Edward Poche regarding follow-up care; and

    (g) by other acts of negligence and improper medical care not specifically known at this time.

30. As a direct and proximate result of Defendant MacGuire's negligence, Plaintiff, Edward Poche, suffered injuries, damages and losses as articulated in paragraph 19.

### THIRD CLAIM FOR RELIEF

31. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

32. Following the procedures performed by Defendant MacGuire, Plaintiff Edward Poche remained in intensive care in critical condition. While in intensive care, Plaintiff Edward Poche's duodenum reopened causing bile to leak into his abdomen.

33. On August 6, 2005, Defendant Anderson, a licensed physician who practices in the field of General Surgery, performed surgery to repair Plaintiff Edward Poche's duodenum. At this

point, Defendant Anderson should have been aware that Plaintiff Edward Poche's medical needs were beyond his expertise and the expertise of the medical professionals at Wyoming Medical Center.

34. Rather than transferring Plaintiff Edward Poche to a hospital equipped to handle Plaintiff Edward Poche's condition, Defendant Anderson performed five additional surgeries. These procedures were unwarranted and further complicated Plaintiff Edward Poche's course.

35. At all times relevant hereto, Defendant Anderson owed a duty to Plaintiff to use the skill and knowledge of a physician in a manner consistent with the special degree of skill, knowledge, care, caution, diligence, and foresight ordinarily possessed by physicians practicing in the field of General Surgery.

36. Defendant Anderson breached this duty of care in one or more of the following ways:

    (a) by failing to timely transfer Plaintiff Edward Poche to a facility equipped to handle Plaintiff Edward Poche's condition;

    (b) by performing a second duodenal repair on or about August 7, 2005;

    (c) by performing a laparotomy, lysis, drainage of duodenal pancreatic fistula and reclosure with plastic bogata bag on or about August 11, 2005;

    (d) by performing an exploratory laparotomy, reopening of duodenum, biliary and pancreatic sphincteroplasty with tube placement in both ducts, repair of posterior leak and duodenotomy incision with placement of drains and sump tube in abdominal cavity on or about August 16, 2005;

    (e) by performing an exploration of drains and retroperitoneal abscess and irrigation; replacement of transduodenal bile drainage catheter; closure of duodenotomy; re-drainage of the right retroperitoneum with wound-evac closure of the abdominal cavity on or about August 22, 2005; and

  (f) by performing an exploratory laparotomy, draining the left flank abscess repairing the disrupted jejunostomy bowel with pulse lavage irrigation of both flanks and the anterior bowel, placement of a Jackson-Pratt drain in the left flank; further debridement of the right upper quadrant paraduodenal area with rearrangement and irrigation of drains on or about August 24, 2005;

  (g) by other acts of negligence and improper medical care not specifically known at this time.

37. As a direct and proximate result of Defendant Anderson's negligence, Plaintiff, Edward Poche, suffered injuries, damages and losses as articulated in paragraph 19.

### FORTH CLAIM FOR RELIEF

38. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

39. At all times pertinent hereto Plaintiff Edward Poche was married to Plaintiff Cynthia Poche.

40. As a direct and proximate result of the previously described negligence of Defendants, Plaintiff Edward Poche incurred damages, loss and injuries as described above.

41. Plaintiff Cynthia Poche suffered non-economic damages as a direct and proximate result of the damages and injuries suffered by her husband, in the form of loss society and companionship, comfort of her injured spouse, intimate relations with her husband and loss of consortium.

42. Plaintiff Cynthia Poche also suffered economic damages in the form of loss of household services that her injured spouse would have performed as well as expenses which Plaintiff Cynthia Poche incurred or will incur as a result of the injuries and damages sustained by her husband.

WHEREFORE, Plaintiffs pray for judgment in his favor and against the Defendants in an amount to be determined at trial, plus interest, costs, and such other and further relief as to this Court may deem just and proper.

PLAINTIFFS DEMAND A TRIAL TO A JURY OF SIX PEOPLE.

Respectfully Submitted,

FLEISHMAN & SHAPIRO P.C.

By: _____
Harvey L. Kramer, Esq.
Steven A. Shapiro, Esq.
Marlo J. Greer, Esq.